**F. X. MALTZ, LTD., Plaintiff-Appellant,**

v.

**Robert MORGENTHAU, Individually and as District Attorney of the County of New York, and Michael Codd, Individually and as Police Commissioner of the City of New York, Defendants-Appellees.**

No. 1021, Docket 77–7079.

United States Court of Appeals, Second Circuit.

Argued April 1, 1977.

Decided May 26, 1977.

Herbert S. Kassner, New York City (Frederic A. Strom, Kassner & Detsky, P.C., New York City, of counsel), for appellant.

David Rapaport, Asst. Dist. Atty., New York City (Robert M. Morgenthau, Dist. Atty., New York County, Peter L. Zimroth, Asst. Dist. Atty., Robert M. Gross, Criminal Law Investigator, New York City, of counsel), for appellee Morgenthau.

Leonard Koerner, New York City (W. Bernard Richland, Corp. Counsel, New York City, L. Kevin Sheridan, New York City, of counsel), for appellee Codd.

Before LUMBARD, MANSFIELD and GURFEIN, Circuit Judges.

MANSFIELD, Circuit Judge:

F. X. Maltz, Ltd., the operator of a theatre in midtown Manhattan which exhibits "sexually oriented" motion pictures, filed a complaint in the district court pursuant to various civil rights statutes, 28 U.S.C. §§ 1331, 1332, 1343, 2201, 2202, and 42 U.S.C. §§ 1983, 1985, and 1986, seeking declaratory and injunctive relief prohibiting the New York City police from arresting, and the New York County District Attorney from prosecuting, allegedly obscene nude or semi-nude dance performances under N.Y.C.P.L. § 140.10 [1] without a judicial determination as to the obscenity of the performance and the issuance of a warrant prior to the arrest. Judge Inzer B. Wyatt of the Southern District of New York dismissed the complaint for lack of a "case or controversy." We affirm.

Plaintiff's complaint alleges that it "seeks to offer its patrons dance exhibitions"; that these exhibitions "will involve non-obscene topless and even nude choreographed performances by male and female dancers"; that these performances have been offered in other midtown theatres; and that police officers of the City have "continuously entered" these other theatres "and, without warrant or prior judicial scrutiny, arrested the dancers in the midst of their performances, thereby halting the performances summarily." Plaintiff claims that these other arrests constitute a prior restraint in violation of the First, Fourth and Fourteenth Amendments, which have "inhibited" it from offering its own exhibitions. Plaintiff does not claim that the police have interrupted non-obscene conduct under the statute, does not allege that it will engage in any obscene activity prohibited by the statute on its face, nor does it allege to have been threatened at any time with

---

1. Section 140.10 provides that a police officer may arrest a person for "any offense when he has reasonable cause to believe that such a person has committed such offense in his presence." New York courts have upheld the application of this warrantless arrest statute with respect to alleged violations of New York's obscenity statute. Penal L. § 235.00 et seq. *206 E. 52d Street Restaurant Corp. v. City of New York,* 86 Misc.2d 1048, 384 N.Y.S.2d 654 (Sup.Ct.N.Y.Cty.1976).

prosecution. Yet, it seeks an order prohibiting the police from making any arrest under the statute without prior judicial scrutiny based on plaintiff's future conduct.

## DISCUSSION

■ Under Article III of the Constitution, the jurisdiction of federal courts is limited to actual cases and controversies, as distinguished from "advisory opinions." Even under the Federal Declaratory Judgments Act, 28 U.S.C. § 2201:

> "The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Aetna Life Insurance Co. v. Haworth, et al.,* 300 U.S. 227, 240–41, 57 S.Ct. 461, 464, 81 L.Ed. 617 (citations omitted).

The use of judicial authority to declare statutes unconstitutional is restricted to those cases where the exercise of such power is necessary to protect litigants from actual, not hypothetical, threats of prosecution, *United Public Workers v. Mitchell,* 330 U.S. 75, 90, 67 S.Ct. 556, 91 L.Ed. 754 (1947), and where the controversy has "sufficient immediacy and reality" to warrant the issuance of such a judgment. *Golden v. Zwickler,* 394 U.S. 103, 108–10, 89 S.Ct. 956, 22 L.Ed.2d 113 (1969).

■ While these standards have been relaxed in exigent circumstances to serve the needs of the First Amendment, see *Dombrowski v. Pfister,* 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965), the Supreme Court has made it clear that adherence to traditional concepts of standing is required where, as here, an ordinary criminal statute not aimed at presumptively protected First Amendment activities is nonetheless alleged to intrude upon constitutionally protected values. *Broaderick v. Oklahoma,* 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973); see also *Parker v. Levy,* 417 U.S. 733, 759–60, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974).[2] Such a claim requires the district court to evaluate "in detail the state's evidence" in order to balance properly the state's legitimate interest in enforcing its penal laws against the individual's asserted rights and conduct, *Broaderick v. Oklahoma, supra,* 413 U.S. at 615, 93 S.Ct. 2908, even where (as here) the state's action allegedly amounts to a "prior restraint." *Times Film Corp. v. Chicago,* 365 U.S. 43, 81 S.Ct. 391, 5 L.Ed.2d 403 (1961); *Southeastern Promotions Ltd. v. Conrad,* 420 U.S. 546, 558, 95 S.Ct. 1239, 43 L.Ed.2d 448 (1975).

■ In the present case the district court could not properly balance the values asserted without further factual specificity and concreteness. The interest of the state is strong, since the statute on its face applies only to constitutionally unprotected "obscene" conduct, *Marcus v. Search Warrants,* 367 U.S. 717, 730–31, 81 S.Ct. 1708, 6 L.Ed.2d 1127 (1961), whereas the protection accorded the conduct allegedly contemplated by the plaintiff is minimal at best. See *Paris Adult Theatre I v. Slaton,* 413 U.S. 49, 93 S.Ct. 2628, 37 L.Ed.2d 446 (1973); *California v. La Rue,* 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342 (1973). Moreover, the conduct in which plaintiff proposes to engage may be performed in varying ways from day to day or from performance to performance presenting difficult issues as to when the dancing may be deemed a "performance" and when an arrest may be made for an allegedly obscene act without placing a prior restraint on the performance. Absent proof of the specific type and scope of the performance (including gestures) engaged in by the plaintiff, the nature of the choreography and costumes (or lack thereof), including the extent to which such conduct may be changed from day-to-day, the acts alleged to violate the obsceni-

2. In *Broaderick* and *Parker* the justiciability requirements were applied to challenges of statutes as unconstitutional "on their face." *A fortiori* the existence of a case or controversy is essential in the present case, where the challenge to the statute is that it may at some future time be applied to the plaintiff.

ty laws, and the scope of an actual threat of police action, the district court could not, without violating Article III's proscription against "advisory opinions" grant relief based upon a fair determination of the difficult and important issues presented. As the Supreme Court held in *O'Shea v. Littleton,* 414 U.S. 488, 498, 94 S.Ct. 669, 677, 38 L.Ed.2d 674 (1974):

> "[R]espondents here have not pointed to any imminent prosecutions contemplated against any of their number and they naturally do not suggest that any one of them expects to violate valid criminal laws. Yet, their vulnerability to the alleged threatened injury from which relief is sought is necessarily contingent upon the bringing of prosecutions against one or more of them. Under these circumstances where respondents do not claim any constitutional right to engage in conduct proscribed by therefore presumably permissible state laws, or indicate that it is otherwise their intention to so conduct themselves, the threat of injury from the alleged course of conduct they attack is simply too remote to satisfy the case-or-controversy requirement and permit adjudication by a federal court."

See also *Laird v. Tatum,* 408 U.S. 1, 12–15, 92 S.Ct. 2318, 33 L.Ed.2d 54 (1972).

The cases principally relied upon by the appellant are readily distinguishable because they present advanced controversies in the context of the relaxed justiciability requirements applicable to facially overbroad statutes. In *Police Department v. Mosley,* 408 U.S. 92, 92 S.Ct. 2286, 33 L.Ed.2d 212 (1972), for example, plaintiff alleged that he had frequently engaged in the type of picketing which was prohibited by a newly enacted city ordinance. His complaint set out with specificity the exact language which he sought to carry on a picket sign and challenged the ordinance as overbroad on its face. The plaintiff in the case at bar has not alleged that he intends to engage in any activity proscribed by the statute. Nor does he describe the type of dance performance contemplated with sufficient specificity to allow the district court to make a reasoned determination as to whether enforcement of the challenged statute would present an illegal prior restraint.

Similarly, in *Times Film Corp. v. Chicago,* 365 U.S. 43, 81 S.Ct. 391, 5 L.Ed.2d 403 (1961), the plaintiff, after paying the necessary fees for the right to exhibit a film, refused to submit the film to the city censor for evaluation, claiming that the censorship would be an illegal prior restraint. Since the challenged statute clearly applied regardless of the film's content, the court found a case or controversy. Here, on the other hand, the challenge to the statute requires that the relevant content of the alleged performances be divulged in detail before a determination of prior restraint can be made. In any event, neither the appellant nor any of its employees has been threatened with arrest for engaging in any particular, identifiable conduct capable of being easily scrutinized for protectible content. Compare *Steffel v. Thompson,* 415 U.S. 452, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974).

Accordingly, the judgment of the district court is affirmed.